Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3852 | **DATE** | 12/14/2000 |
| **CASE TITLE** | Johnson Controls, Inc. vs. Exide Corporation, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Pearson's Rule 12(b)(6)(2) motion is denied, and he is ordered to answer the Complaint on or before December 22, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 15 2000 date docketed | 39 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/14/2000 date mailed notice | |
| SN | courtroom deputy's initials | FILED FOR DOCKETING  00 DEC 14 PM 2: 40 Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHNSON CONTROLS, INC., et al., )
)
Plaintiffs, )
)
v. ) No. 00 C 3852
)
EXIDE CORPORATION, et al., )
)
Defendants. )

DOCKETED
DEC 1 5 2000

MEMORANDUM OPINION AND ORDER

Johnson Controls, Inc. and Johnson Controls Battery Group, Inc. (collectively "Johnson Controls," treated hereafter as a singular noun) have asserted a number of claims against Exide Corporation ("Exide") and three of its former officers: Arthur Hawkins, Alan Gauthier and Douglas Pearson ("Pearson"). In sum, Johnson Controls charges those defendants with having committed acts of commercial bribery in violation of the Robinson-Patman Act (15 U.S.C. §13(c)), the Racketeer Influenced and Corrupt Organizations Act ("RICO," 18 U.S.C. §1962(c)[1]) and state common law. Pearson is targeted under RICO and under the state law prohibition against tortious interference with prospective business opportunity.

Instead of responding to Johnson Controls' Complaint as such, Pearson has filed a Fed. R. Civ. P. ("Rule") 12(b)(2) motion to be dismissed for lack of personal jurisdiction. Though

---

[1] Further citations to RICO's provisions will take the form "Section --," thus omitting repeated references to Title 18.

he has also moved alternatively for a transfer to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a), this Court has already advised counsel that it will not now entertain that motion (which would obviously make sense only if the entire action were to be moved, certainly a premature notion at this time)--hence that alternative motion is denied without prejudice. But as for Pearson's motion to dismiss for lack of personal jurisdiction, it is capable of quick resolution and is denied for the reasons briefly stated here.

Because Johnson Controls has brought a civil RICO claim against Pearson under Section 1964(c), this Court's power to assert personal jurisdiction over him is conferred by Section 1965(b):

> (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

Here the gravamen of Johnson Controls' Complaint (as to the viability of which this Court expresses no opinion for present purposes-- see Appendix) lies in Exide's Illinois payment of bribes to a major Illinois-based company (Sears, Roebuck & Co.), for whose battery business Johnson Controls and Exide were competitors. So there appears to be no disputing the propriety of haling co-defendant Exide into court here under Section

2

1965(a). And if that is so, Section 1965(b) in turn also calls for Pearson's inclusion to serve "the ends of justice," rather than forcing Johnson Controls to pursue the unsatisfactory alternative of splintering its lawsuit just because the several different defendants may themselves reside or be found or have agents or transact their affairs (those are the bases for primary jurisdiction under Section 1965(a)) in different places.[2]

That being so, such cases as <u>Lisak v. Mercantile Bancorp, Inc.</u>, 834 F.2d 668, 671-72 (7th Cir. 1987) confirm the propriety of executing personal service on civil RICO defendants such as Pearson in any judicial district of the United States. By thus authorizing the nationwide service of process, Section 1965(b) creates personal jurisdiction over any person within the United States (<u>id</u>.). And whenever such nationwide service is thus authorized by federal statute, the exercise of personal jurisdiction does not run afoul of the Constitution so long as the defendant resides within the territorial boundaries of the

---

[2] Pearson's original memorandum in support of his motion missed the significance of the special RICO provisions entirely, treating the issue only as a conventional long-arm problem. Then when Johnson Controls' response pointed to RICO's Section 1965(b), Pearson's reply again missed the boat by citing only to a couple of district court cases that simply looked at Section 1965(a) and its venue provisions. That provides no real answer at all--and again as to the issue of the best venue rather than the current question of personal jurisdiction, no view is expressed here as to the preferability of this forum (as against some other venue) as the appropriate situs for the entire controversy among the litigants.

United States (<u>Diamond Mortgage Corp. of Ill. v. Sugar</u>, 913 F.2d 1233, 1244 (7th Cir. 1990)).

In this instance Pennsylvania resident Pearson (see his Aff. ¶1) by definition resides within the territorial boundaries of United States. And Pearson advances no contention that Johnson Controls' RICO claim is so implausible that it would be improper to allow Section 1965(b) to be used as a basis for personal jurisdiction (see Appendix). Hence this Court possesses personal jurisdiction over Pearson with respect to the RICO claim against him.

That leaves the related question whether personal jurisdiction exists over Pearson as to Johnson Controls' common law claim. In that respect the doctrine of pendent personal jurisdiction calls for an affirmative answer (<u>Robinson Eng'g Co. Pension Plan & Trust v. George</u>, 223 F.3d 445, 449 (7th Cir. 2000), which coincidentally also cites the <u>Herrmann</u> case referred to in the Appendix). As <u>Herrmann</u>, 9 F.3d at 1056 (citation and internal quotation marks omitted) teaches:

> Moreover, under the doctrine of pendent personal jurisdiction, where a federal statute authorizes nationwide service of process, and the federal and state claims derive from a common nucleus of operative fact, the district court may assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available.

And in this instance there is no question that both of Johnson Controls' claims against Pearson "derive from a common nucleus of

4

operative fact."

## Conclusion

This Court possesses personal jurisdiction over Pearson to hear both claims against him. Accordingly Pearson's Rule 12(b)(2) motion is denied, and he is ordered to answer the Complaint on or before December 22, 2000.

    _____
    Milton I. Shadur
    Senior United States District Judge

Date:   December 14, 2000

Appendix

As to the appropriateness or inappropriateness of scrutinizing the substantive strength of Johnson Controls' RICO claim at this threshold stage, this Court views Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935 (11th Cir. 1997) as instructive. That case too had to consider the issue of when a dismissal for lack of personal jurisdiction was called for in the context of a RICO claim, and the court said on that score (id. at 941 (citations and internal quotation marks omitted)):

> When a jurisdictional motion to dismiss depends, as in this case, on the assertion of a right created by a federal statute, the court should dismiss for lack of jurisdiction only if the right claimed is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise devoid of merit as not to involve a federal controversy.

BCCI Holdings, id. at 941-42 went on to adopt the Second Circuit's approach in IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1055-57 (2d Cir. 1993), which had distinguished between (1) the "colorable federal claim" standard that governs Rule 12(b)(1) and 12(b)(2) dismissals and (2) the "federal claim upon which relief can be granted" standard that governs Rule 12(b)(6) dismissals. As Herrmann and BCCI Holdings make clear, the "colorable claim" standard poses a lower threshold for plaintiffs than does the Rule 12(b)(6) standard.