# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3852 | **DATE** | 4/2/2001 |
| **CASE TITLE** | Johnson Controls, Inc. vs. Exide Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Exide's motion to dismiss count I of Johnson Controls' First Amended Complaint is granted. (48-1)
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR - 2 2001 | |
| | Notified counsel by telephone. | date docketed | 52 |
| | Docketing to mail notices. | IS | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/2/2001 | |
| SN | courtroom deputy's initials | date mailed notice | |
| | | SN | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED FOR DOCKETING
01 APR -2 PM 3:03

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHNSON CONTROLS, INC., et al.,    )
                                    )
                 Plaintiffs,        )
                                    )
     v.                             )   No. 00 C 3852
                                    )
EXIDE CORPORATION, et al.,          )
                                    )
                 Defendants.        )

## MEMORANDUM OPINION AND ORDER

Exide Corporation ("Exide") has again moved for dismissal of one of the claims asserted against it and three related individuals by Johnson Controls, Inc. and Johnson Battery Group, Inc. (collectively "Johnson Controls," treated hereafter as a singular noun)--this time Count I of Johnson Controls' First Amended Complaint ("FAC"). This Court's February 2, 2001 memorandum opinion and order ("Opinion," 2000 WL 109534) has sustained Exide's attack on Count I of Johnson Controls' original Complaint,[1] and Johnson Controls has now tried again via the FAC. For the reasons stated in this memorandum opinion and order, Exide is again successful in obtaining dismissal.

Before explaining that conclusion, however, this opinion addresses one argument advanced by Exide that is not persuasive--although its lack of success on that ground does not

---

[1] This opinion assumes familiarity with the Opinion, so that there is no need to repeat the detailed recital of the then-existing Complaint (much of which is carried forward into the FAC).



affect the result. In part the concept of equitable tolling (Opinion at *4) requires a plaintiff to show due diligence in seeking to obtain the information that would have disclosed plaintiff's claim during the limitations period (see, e.g., Chapple v. National Starch & Chem. Co., 178 F.3d 501, 506 (7th Cir. 1999)). As Exide would have it, Johnson Controls was at fault in failing to undertake an investigation into why, after some four decades as Sears' exclusive or near-exclusive supplier of batteries, it lost out on the business entirely to two new suppliers (Exide and Delco) in 1994--and that despite Sears' earlier stated anticipation that it would "continue to purchase a significant quantity of batteries from Johnson Controls" (FAC ¶25).

But the problem with that possible string to Exide's dismissal bow is that the nature of the improper Exide conduct charged in the FAC--the making of undercover payments to Sears' battery buyer Gary Marks[2]--would not appear to have been readily discoverable at that point even if Johnson Controls had exercised due diligence by launching an inquiry once it lost the Sears business. Surely such inability must be viewed as the operative scenario at least at the present Fed. R. Civ. P. ("Rule")

---

[2] Based on Johnson Controls' current Mem. 2 n.1 statement that only a week ago Exide agreed to plead guilty to those bribery payments, this opinion will treat that activity as an established fact rather than merely alleged wrongdoing.

2

12(b)(6) stage, when Johnson Controls' well-pleaded allegations in the FAC must be credited.

In short, this Court's sense of the matter remains as set out in Opinion at *6. It will still be assumed that the triggering point for Johnson Controls' compliance with the other vital due diligence obligation needed to obtain the benefit of equitable tolling, the time for discovery of the facts underlying the claim (see, e.g., Jackson v. Rockford Hous. Auth., 213 F.3d 389, 396 (7th Cir. 2000)), was at the latest in November 1999 (though something might be said for a time almost a year earlier--see Opinion at *6 n.11).

That however does not spell the survival of Johnson Controls' Count I claim. To begin with, what Opinion at *5-*6 said about the inapplicability of equitable estoppel--which, if it had applied, would have established a brand new period of limitations--as contrasted with equitable tolling remains true. Although Johnson Controls' current filing in opposition to Exide's motion strives to argue otherwise (its Mem. 2-5), that effort materially misstates the law on the issue. Johnson Controls primarily cites a passel of District Court opinions that antedate the definitive exposition of the distinction between the two doctrines in Wolin v. Smith Barney Inc., 83 F.3d 847, 851-52 (7th Cir. 1996), as quoted at length in Opinion at *5. To the extent that the approach of those earlier District Court cases

3

differs from that in <u>Wolin</u>, the latter of course controls.

As for Johnson Controls' other claimed authority--its bobtailed quotation from the post-<u>Wolin</u> opinion in <u>Jackson</u>, 213 F.3d at 394--is distressingly misleading. Did counsel somehow believe that this Court might not read the opinion itself (one, it should be said, of which this Court was already well aware, having reviewed it in conjunction with the issuance of the Opinion)? Contrary to the inference sought to be created by Johnson Controls' quoted snippet, <u>Jackson</u> (just like <u>Wolin</u>) makes it plain that the active steps of concealment must be directed <u>at the plaintiff</u> (<u>id</u>.):

> Equitable estoppel, also known as fraudulent concealment, is available if the defendant "takes active steps to prevent the plaintiff from suing in time."

As <u>Johnson</u>, <u>id</u>. similarly concludes its doctrinal discussion:

> We have found equitable estoppel only where the defendant, in addition to committing the alleged wrong giving rise to the suit, has also tried to prevent the plaintiff from suing in time.

That simply was not the case here. Exide's concealment of its fraud was inextricably implicit in the fraud itself. It was <u>not</u> the kind of activity, as described in <u>Wolin</u> and <u>Jackson</u>, that launches a totally new extended limitations period instead of the much more limited time frame granted by equitable tolling principles.

As for the doctrine of equitable tolling that does apply,

4

Johnson Controls' FAC includes its newly advanced efforts to bridge the gap between the presumed November 1999 date of discovery of Exide's fraud and Johnson Controls' delay in its filing suit until June 2000--fully four months for "investigation" of the claims on which it was already on far more than inquiry notice (FAC ¶¶133-55), then two more months to prepare a draft complaint, engage in a damages analysis and report to Johnson Controls' management (FAC ¶¶156-61), and then still another month in an effort to negotiate settlement before filing suit (FAC ¶¶162-67). But those too do not meet the teaching of the Seventh Circuit caselaw.

Just as was first said in Opinion at *4, the test under the equitable tolling doctrine is one of promptness. And as to the nonutility of post-discovery pre-filing investigation covering several months to meet that test, the teaching of Thelin v. Marc's Big Boy Corp., 64 F.3d 264, 268 (7th Cir. 1995)(emphasis in original) comes into play:

> We do not mean to suggest that one cannot perform any prefiling investigation, but, when a plaintiff has already missed the filing date imposed by the statute of limitations, moving too slowly thereafter can be fatal.

Though the total period of delay found excessive in Thelin was a bit under 10 months (a bit longer than Johnson Controls' delay), cases such as Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-53 (7th Cir. 1990) and O'Rourke v. Continental Cas. Co., 983 F.2d

5

94, 97 (7th Cir. 1993) find delays for periods wholly commensurate with that indulged by Johnson Controls here to be fatal <u>as a matter of law</u>.³ And the same principle operates where such delay is sought to be excused by efforts to settle (see, e.g., <u>Hentosh v. Herman M. Finch Univ. of Health Sci./The Chicago Med. Sch.</u>, 167 F.3d 1170, 1175 (7th Cir. 1999)(involving a seven-month delay, equal to that created by Johnson Controls' effort to pile Pelion on Ossa by its series of attempted self-justifications)).⁴

In sum, just as this Court held in the Opinion and as is taught by the cases cited earlier in this opinion (including <u>Wolin</u>) and such added authorities as <u>Saecker v. Thorie</u>, 234 F.3d 1010, 1014 (7th Cir. 2000), Johnson Controls' failure to have filed suit "as soon as it is practicable" (<u>Wolin</u>, 83 F.3d at 853 and <u>Chapple</u>, 178 F.3d at 506) or "as early as [it] can" (<u>Saecker</u>, 234 F.3d at 1014) is fatal. Count I fares no better in its FAC

---

³ Johnson Controls' effort to ignore those authorities and to reframe the issue as one "rais[ing] triable issues of fact" (its Mem. 2) is as unpersuasive as its other efforts to escape the consequences of its delay.

⁴ Johnson Controls' suggestion that the period of delay should be measured as a percentage of the applicable limitations period rather than in terms of the absolute time involved is certainly inventive--but it is totally unpersuasive as well as (understandably) totally unsupported by any authority (to say nothing of its inherent illogic). Why should a party on notice of an actionable claim be given twice as long thereafter to put together and file a lawsuit just because the expired statute of limitations was (say) four years rather than two? That suggestion is wholly without merit.

version than it did in the original Complaint. Exide's motion to dismiss that count is granted.[5]

_____
Milton I. Shadur
Senior United States District Judge

Date: April 2, 2001

---

[5] This dismissal makes it unnecessary to address the substantive issue of Robinson-Patman coverage or noncoverage, another subject on which the parties differ.