# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3852 | **DATE** | 6/27/2001 |
| **CASE TITLE** | Johnson Controls vs. Exide Corp. et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. This Court grants Individual Defendants' motion ro reconsideration only in part. In lieu of full disclosure under Rule 26(a), Individual Defendants' current up-front document production is to be limited to the same documents (if any) that they have already produced to the government in the criminal proceedings, and those documents shall be delivered to Johnson Controls' counsel forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUN 2 8 2001 date docketed | 63 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 6/28/2001 | |
| | Copy to judge/magistrate judge. | 01 JUN 28 AM 8:08 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHNSON CONTROLS, INC., et al.,   )
                                  )
            Plaintiffs,           )
                                  )
     v.                           )   No.  00 C 3852
                                  )
EXIDE CORPORATION, et al.,        )
                                  )
            Defendants.           )

<u>MEMORANDUM ORDER</u>

All three individual defendants in this action--Arthur Hawkins, Alan Gauthier and Douglas Pearson (collectively "Individual Defendants")--are under indictment in the Southern District of Illinois for alleged criminal conduct is closely interwoven with the gravamen of this action brought against them and their codefendant Exide Corporation by Johnson Controls, Inc. and Johnson Controls Battery Group (collectively "Johnson Controls," treated as a singular noun for convenience). Because of the pendency of that indictment, this Court has followed its regular practice in comparable situations by granting Individual Defendants' earlier motion to stay these civil proceedings against them.[1]

---

[1] In such situations the parties targeted by a criminal prosecution face a Hobson's Choice. If they were to comply with the customary broad discovery requests in the civil action, their disclosure could provide valuable information (or actual admissions) that would aid the government in the criminal prosecution. If on the other hand the criminal targets sought to dodge that bullet by invoking their Fifth Amendment privilege against self-incrimination, that could open them up to the adverse inference available to an adversary in civil cases

Later, during court proceedings on April 6, 2001, counsel for Johnson Controls proposed that discovery from Individual Defendants should proceed in this action to the extent that Fifth Amendment considerations do not come into play. This Court responded in part by directing the parties to comply with the recently revised version of Fed. R. Civ. P. ("Rule") 26(a)'s mandate for advance disclosure, but it also directed that the scope of such disclosure should conform to the pre-December 1, 2000 version of Rule 26(a). At that time counsel for only one of the three Individual Defendants were in court, and they did not interpose any objection to that order.

Now, however, other counsel for Individual Defendants have moved for reconsideration of that oral discovery order because of the self-incrimination concerns that have been referred to in n.1. In response, Johnson Controls' counsel have said they have not sought, and do not actively seek, full Rule 26(a) disclosures from Individual Defendants. But they do seek production in this litigation of the same documents (if any) that Individual Defendants have already produced to the government in their criminal proceedings. They cite extensive authority in support of that position, ranging from United States v. Hubbell, 530 U.S. 27, 35-36 (2000) on down.

---

(though not in the criminal prosecution itself)--see, e.g., Baxter v. Palmigiano, 425 U.S. 308, 318-19 (1976) and authorities cited there.

That position is persuasive. Accordingly this Court grants Individual Defendants' motion for reconsideration only in part. In lieu of full disclosure under Rule 26(a), Individual Defendants' current up-front document production is to be limited to the same documents (if any) that they have already produced to the government in the criminal proceedings, and those documents shall be delivered to Johnson Controls' counsel forthwith.

                                             Milton I. Shadur
                                             Senior United States District Judge

Date: June 27, 2001